UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CARLOS BRITO,

      Plaintiff,

v.

VIRGINIA GARDENS SHOPPING
CENTER, LLC; MATOS & GARCIA INC;
FIVE BM LLC; SUBRAGEOUS 36th
STREET, INC.; and ROCA BOCA, INC.,

      Defendant.

_____/

**COMPLAINT**

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues VIRGINIA GARDENS SHOPPING CENTER, LLC; MATOS & GARCIA INC; FIVE BM LLC; SUBRAGEOUS 36th STREET, INC.; and ROCA BOCA, INC. (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, residing

in Miami-Dade County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, VIRGINIA GARDENS SHOPPING CENTER, LLC, owned and operated a place of public accommodation at 5877 NW 36th Street, Virginia Gardens, Florida, (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida.

6. At all times material, Defendant, VIRGINIA GARDENS SHOPPING CENTER, LLC, was and is a Florida Limited Liability Company, organized under the laws of the state of Florida with its principal place of business in Doral, Florida.

7. At all times material, Defendant, MATOS & GARCIA INC, owned and operated a retail restaurant and a place of public accommodation at 5877 NW 36th Street, Virginia Gardens, Florida, (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida. MATOS & GARCIA INC holds itself out to the public as "Yuka Deli."

8. At all times material, Defendant, MATOS & GARCIA INC, was and is a Florida Profit Corporation, with its principal place of business in Hialeah, Florida.

9. At all times material, Defendant, FIVE BM LLC, owned and operated a retail restaurant and a place of public accommodation at 5877 NW 36th Street, Virginia Gardens, Florida, (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida. FIVE BM LLC holds itself out to the public as "Cilantros Café."

10. At all times material, Defendant, FIVE BM LLC, was and is a Florida Limited Liability Company, organized under the laws of the state of Florida with its principal place of business in Virginia Gardens, Florida.

11. At all times material, Defendant, SUBRAGEOUS 36th STREET, INC, owned and operated a retail restaurant and a place of public accommodation at 5877 NW 36th Street, Virginia Gardens, Florida, (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida. SUBRAGEOUS 36th STREET, INC holds itself out to the public as "Subrageous Restaurant."

12. At all times material, Defendant, SUBRAGEOUS 36th STREET, INC, was and is a Florida Profit Corporation, with its principal place of business in Virginia Gardens, Florida.

13. At all times material, Defendant, ROCA BOCA, INC., owned and operated a retail restaurant and a place of public accommodation at 5877 NW 36th Street, Virginia Gardens, Florida, (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida. ROCA BOCA, INC. holds itself out to the public as "Basilico Restaurant."

14. At all times material, Defendant, ROCA BOCA, INC., was and is a Florida Profit Corporation, with its principal place of business in Miami, Florida.

15. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

16. Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

17. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive

publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business and properties.

18.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

19.     Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

20.     Defendant, VIRGINIA GARDENS SHOPPING CENTER, LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots.

21.     The subject Commercial Property is open to the public and is located in Virginia Gardens, Miami-Dade County, Florida.

22.     The individual Plaintiff visits the Commercial Property and business located within the Commercial Property, regularly, and returned to the Property to document the ADA barriersat the Commercial Property and business located within the Commercial Property on or about September 16, 2020 and October 20, 2020, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and business located therein. He often visits the Commercial Property and business located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately fifteen (15) miles from his residence, and is near his friends' residences as well as other business and restaurants he frequents as a patron. He plans to return to the Commercial

Property and the business located within the Commercial Property within one (1) month of the filing of this Complaint, specifically on November 13, 2020.

23. Plaintiff resides nearby in the same County and state as the Commercial Property and the business located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the business located within the Commercial Property for the intended purposes because of the proximity to his and his friends' residences and other business that he frequents as a patron, and intends to return to the Commercial Property and business located within the Commercial Property within one (1) month from the filing of this Complaint. Specifically, Plaintiff intends to revisit the Property on November 13, 2020, to meet a friend for a meal and to see if the facilities remain noncompliant.

24. The Plaintiff found the Commercial Property, and the business located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and business located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

25. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and business located within the Commercial Property. The barriers to access at Defendants' Commercial Property, and the business located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and business located within the Commercial Property, and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

26. Defendant, VIRGINIA GARDENS SHOPPING CENTER, LLC, owns and

operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant MATOS & GARCIA INC owned and operated a retail restaurant and a place of public accommodation within the Commercial Property. Defendant FIVE BM LLC owned and operated a retail restaurant and a place of public accommodation within the Commercial Property. Defendant SUBRAGEOUS 36th STREET, INC, owned and operated a retail restaurant and a place of public accommodation within the Commercial Property. Defendant ROCA BOCA, INC., owned and operated a retail restaurant and a place of public accommodation within the Commercial Property. Defendants, VIRGINIA GARDENS SHOPPING CENTER, LLC; MATOS & GARCIA INC; FIVE BM LLC; SUBRAGEOUS 36th STREET, INC.; and ROCA BOCA, INC. are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, VIRGINIA GARDENS SHOPPING CENTER, LLC; MATOS & GARCIA INC; FIVE BM LLC; SUBRAGEOUS 36th STREET, INC.; and ROCA BOCA, INC. own and/or operate is located at 5877 NW 36th Street, Virginia Gardens, Florida.

27. Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in Counts I through V of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only to avail himself of the goods and services available at the Commercial Property, and business located within the Commercial Property, but to assure himself that the Commercial Property and

business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

28. Defendant, VIRGINIA GARDENS SHOPPING CENTER, LLC, as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in Counts I through V of this Complaint.

29. Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and business located within the Commercial Property, but not necessarily limited to the allegations in Counts I through V of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business within the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and business located within the Commercial Property, but to assure himself that the Commercial Property, and business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

30. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I
## AS TO DEFENDANT VIRGINIA GARDENS SHOPPING CENTER, LLC

31. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

32. Defendant, VIRGINIA GARDENS SHOPPING CENTER, LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

    A. Entrance Access and Path Travel

i. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT II
## AS TO DEFENDANTS VIRGINIA GARDENS SHOPPING CENTER, LLC AND MATOS & GARCIA INC

33. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

34. Defendants, VIRGINIA GARDENS SHOPPING CENTER, LLC and MATOS

& GARCIA INC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

    A. <u>Access to Goods and Services</u>

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

    B. <u>Public Restrooms</u>

i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty using the doorknob and the locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the

      requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided on the push side. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff could not use the lavatory without assistance, as there is insufficient toe clearance underneath it. Violation: There are lavatories in public restrooms without the required toe clearance provided, violating the requirements in Section 4.19.2 of the ADAAG and Sections 306.2 & 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with

Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT III
## AS TO DEFENDANTS VIRGINIA GARDENS SHOPPING CENTER, LLC AND FIVE BM LLC

35. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

36. Defendants, VIRGINIA GARDENS SHOPPING CENTER, LLC and FIVE BM LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

    A. Entrance Access and Path of Travel

i. The Plaintiff could not traverse through areas of the restaurant, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the restaurant is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    B. Access to Good and Services

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the sales counters without assistance, as they are mounted too high. Violation: There are sales counters at the facility in excess of 36" high, violating Section 7.2(1)

of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

### C. Public Restrooms

i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not enter the restroom without assistance, as the door width is too narrow. Violation: The clear width at restroom doors is less than the prescribed minimums violating Section 4.13.5 of the ADAAG and Section 404.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The Plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

### COUNT IV
### AS TO DEFENDANTS VIRGINIA GARDENS SHOPPING CENTER, LLC AND SUBRAGEOUS 36th STREET, INC.

37. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

38. Defendants, VIRGINIA GARDENS SHOPPING CENTER, LLC and SUBRAGEOUS 36th STREET, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

    A. <u>Access to Goods and Services</u>

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

### COUNT V
### AS TO DEFENDANTS VIRGINIA GARDENS SHOPPING CENTER, LLC AND ROCA BOCA, INC.

39. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1

through 30 above as though fully set forth herein.

40. Defendants, VIRGINIA GARDENS SHOPPING CENTER, LLC and ROCA BOCA, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. <u>Entrance Access and Path of Travel</u>

i. The Plaintiff could not traverse through areas of the restaurant, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the restaurant is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Access to Goods and Services</u>

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

C. <u>Public Restrooms</u>

i. There are permanently designated interior spaces without proper signage, violating Section

  4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty using the doorknob on the restroom area door without assistance, as it requires tight grasping. Violation: The restroom area door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not exit the restroom area without assistance, as the required maneuvering clearance is not provided. Violation: The restroom area door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance was not provided due to objects on the floor. Violation: The restroom door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution

      is readily achievable.

vii. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are missing. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

41.      The discriminatory violations described in Count I are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the Commercial Business and business located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.  A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal

Rule of Civil Procedure 34.

42. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, business and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

43. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

44. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all

those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

45. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

46. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

47. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate the business, located at and/or within the commercial property located at 5877 NW 36th Street, Virginia Gardens, Florida, the exterior areas, and the common exterior areas of the Commercial Property and business located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the

subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: November 3, 2020

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
                            aquezada@lawgmp.com

By: ___/s/ Anthony J. Perez_____
      ANTHONY J. PEREZ
      Florida Bar No.: 535451
      BEVERLY VIRUES
      Florida Bar No.: 123713